UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BETH MARIE N.,

                              **Plaintiff,**

  vs.                                                   3:22-CV-237
                                                             (MAD/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                              **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**OLINKSY LAW GROUP**                **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street - Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **NATASHA OELTJEN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On December 22, 2015, Plaintiff Beth Marie N. ("Plaintiff") filed for Disability Insurance Benefits. *See* Dkt. No. 6 at 119. Plaintiff's claim was denied on March 18, 2016. *See id.* at 129. Following the denial, a hearing was held before Administrative Law Judge ("ALJ") Brian LaCours. *See id.* at 84. On March 8, 2018, ALJ LaCours issued an unfavorable decision. *See id.* at 133-45. Plaintiff appealed, and the Appeals Council granted review and remanded. *See id.* at 151. Following a hearing on September 1, 2020, *see id.* at 44-83, ALJ Dale Black-Pennington issued an unfavorable decision on October 21, 2020. *See id.* at 13-15. On January 19, 2022, the Appeals Council denied Plaintiff's request for review. *See id.* at 7-9.

On March 11, 2022, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to review the Commissioner's unfavorable decision.  *See* Dkt. No. 1.  Plaintiff submitted a brief arguing that the ALJ's residual functional capacity ("RFC") determinations are not supported by substantial evidence and that the ALJ failed to properly evaluate and weigh long-time treating sources.  *See* Dkt. No. 7 at 3.  Defendant filed a brief in opposition.  *See* Dkt. No. 8.  On August 9, 2023, Magistrate Judge Daniel J. Stewart issued a Report-Recommendation and Order recommending that the Court grant Plaintiff's motion for judgment on the pleadings, that Defendant's motion for judgment on the pleadings be denied, and that Defendant's decision denying disability benefits be reversed and remanded.  *See* Dkt. No. 9 at 1-2.  Neither party has filed objections to the Report-Recommendation and Order.

When a party declines to file an objection, the court reviews a recommendation for clear error.  *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

Having reviewed the Report-Recommendation and Order, the Court discerns no clear error in Magistrate Judge Stewart's determination that the Court should reverse the Commissioner's decision and remand for further proceedings.  Remand is warranted as the ALJ's analysis and determination of Plaintiff's ability to reach failed to reconcile the treating physician's

2

opinion with those other medical providers' opinions given greater weight, or provide reasoning as to why the treating physician's opinion was given less weight. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (internal citations omitted); *Gutowski v. Comm'r of Soc. Sec.*, No. 17-CV-1246, 2019 WL 2266796, *4 (W.D.N.Y. May 28, 2019) (quotation omitted). Additionally, the Court must remand for further explanation as to the discounting of aspects of treating physician Dr. Robert Garfield's opinion regarding Plaintiff's need for unscheduled breaks or absenteeism. *See Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) ("[T]he ALJ did not provide an adequate explanation for his rejection of that [treating physician] opinion") (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED,** and this case is **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Order and Magistrate Judge Stewart's Report-Recommendation and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 18, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge